# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Walter Chase Alley,<br><br>    Petitioner,<br><br>v.<br><br>Warden, McCormick Correctional Institution<br><br>    Respondent. | C/A No. 5:17-01491-JFA-KDW<br><br><br>**ORDER** |

## I. INTRODUCTION

Walter Chase Alley ("Petitioner" or "Alley"), a prisoner proceeding *pro se*, filed a petition for writ of habeas corpus seeking relief under 28 U.S.C. § 2254. He plead guilty, but mentally ill in state court to the murder charge and is serving a thirty-seven year sentence. Petitioner alleges ineffective assistance of plea counsel.

The Respondent filed a motion for summary judgment on August 10, 2017. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), this Court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to adequately respond to the Respondent's motion. Petitioner filed a response on September 15, 2017. Respondent filed a reply on September 22, 2017.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should grant Respondent's Motion for Summary Judgment and dismiss Alley's Petition. (ECF No. 23). The Magistrate Judge determined that the state court's dismissal of Petitioner's ineffective assistance of counsel claims did not involve an unreasonable application of federal law. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on September 25, 2017. (ECF No. 23). Petitioner filed objections to the Report on October 23, 2017, (ECF No. 26), and Respondent filed a response to Petitioner's objections on November 20, 2017. (ECF No. 52). Thus, this matter is ripe for the Court's review.

## II.   DISCUSSION

Within his petition for writ of habeas corpus, Alley asserts one ground for relief. Petitioner argues that his Sixth Amendment rights to the effective assistance of counsel were violated when defense counsel failed to call Petitioner's aunt, Joyce Means, as a

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a de novo review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

witness at the *Jackson v. Denno*[2] hearing. The Magistrate Judge's Report thoroughly outlines the applicable legal standards and properly analyzes the claims for relief before concluding that summary judgment should be granted and the petition should be dismissed. (ECF No. 23).

The Magistrate Judge addressed Petitioner's ground for relief on the merits under *Strickland v. Washington*, 466 U.S. 558 (1984). The Magistrate Judge, agrees with the PCR court's finding that the plea counsel did not err by failing to call Petitioner's aunt as witness at the *Jackson v. Denno* hearing. The Magistrate Judge opines that trial counsel's performance was not deficient under *Strickland*.

The Magistrate Judge further finds that Petitioner knowingly, voluntarily, and intelligently plead guilty to the state charges. Although not raised as a separate ground by Petitioner, the Magistrate correctly determined that the plea court conducted a thorough colloquy and closely examined Petitioner's understanding of the charges and his available constitutional rights.

Ultimately, the Magistrate Judge concludes that the state courts' decisions did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" nor were they "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254.

---

[2] *Jackson v. Denno*, 378 U.S. 368 (1964).

Petitioner has submitted a four-sentence response to the Report. (ECF No. 26). Petitioner makes two general and conclusory objections to the Magistrate's Report. Petitioner first asserts that "the R&R erred when it found that trial counsel did not render ineffective assistance of counsel pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984), when he failed to call Petitioner's aunt, Joyce Means to testify on his behalf during the *Jackson v . Denno* hearing." *Id*. at 1. Then Petitioner asserts that the "R&R also erred when it found that Petitioner's guilty plea was voluntarily entered." *Id*. Petitioner's Objections to the Report are largely verbatim recitations of his arguments previously made to and considered by the Magistrate Judge. Petitioner does not specifically point to how the Magistrate erred in making these findings.

De novo review is not required for general, nonspecific objections. "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, C/A/ No. 9:07-cv-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007). Thus, a de novo review of the Magistrate Judge's Report is unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the Magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982).

As previously stated, in the absence of specific objections to portions of the Report, the Court is not required to give an explanation for adopting the recommending and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F. 3d 310 (4th Cir. 2005); *Cambry*, 718 F.2d at 199-200 (4th Cir. 1983).

In summary, the Petitioner's objections consist of conclusory statements. He has not convinced this Court that the Magistrate Judge's determination that Petitioner's ground for relief fails on its merits. Accordingly, the objections are overruled.

**III. CONCLUSION**

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation (ECF No. 23), grants the Respondent's motion for summary judgment (ECF No. 26), and denies Alley's § 2254 petition.

Further, because Petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

March 23, 2018
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[3] The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2254 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that Petitioner "has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).The Court concludes that Petitioner has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.